UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. |
| v. | ) | |
| | ) | 09-CR-10081 JLT |
| RAMA K. VYASULU | ) | VIOLATIONS: |
| | ) | 18 U.S.C. §1956(a)(3)(B) - |
| Defendant. | ) | Money Laundering |
| | ) | |
| | ) | 18 U.S.C. §2 - Aiding and |
| | ) | Abetting |
| | ) | |
| | ) | 18 U.S.C. §982(a)(1) - Money |
| | ) | Laundering Forfeiture |
| | ) | Allegation |

INDICTMENT

COUNT ONE:   (Title 18, United States Code, Section 1956(a)(3)
            - Money Laundering; Title 18, United States Code,
            Section 2 - Aiding and Abetting)

The Grand Jury charges that:

From on or about November 25, 2008, to on or about December 3, 2008, in the District of Massachusetts, the Southern District of Florida, and elsewhere,

**RAMA K. VYASULU,**

defendant herein, with the intent to conceal and disguise the nature, location, source, ownership and control, of property believed to be the proceeds of specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, to wit: the wire transfer of $200,000 in U.S. currency from the District of Massachusetts to the Southern District of Florida,

2

involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

All in violation of of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

3

**COUNT TWO:** (Title 18, United States Code, Section 1956(a)(3) - Money Laundering; Title 18, United States Code, Section 2 - Aiding and Abetting)

The Grand Jury further charges that:

From on or about January 13, 2009, to on or about January 21 2009, in the District of Massachusetts, the Southern District of Florida, and elsewhere,

**RAMA K. VYASULU,**

defendant herein, with the intent to conceal and disguise the nature, location, source, ownership and control, of property believed to be the proceeds of specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, to wit: the wire transfer of $350,000 in U.S. currency from the District of Massachusetts to the Southern District of Florida, involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

All in violation of of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

4

**COUNT THREE:**   (Title 18, United States Code, Section 1956(a)(3) - Money Laundering; Title 18, United States Code, Section 2 - Aiding and Abetting)

The Grand Jury charges that:

From on or about March 13, 2009, to an date unknown, in the District of Massachusetts, the Southern District of Florida, and elsewhere,

**RAMA K. VYASULU,**

defendant herein, with the intent to conceal and disguise the nature, location, source, ownership and control, of property believed to be the proceeds of specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, to wit: the wire transfer of $350,000 in U.S. currency from the District of Massachusetts to the Southern District of Florida, involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

All in violation of of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

5

## MONEY LAUNDERING FORFEITURE ALLEGATION
## (18 U.S.C. §982(a)(1))

The Grand Jury further charges that:

1.   Upon conviction of the offenses alleged in Counts One through Three of the Indictment, the defendant,

**RAMA K. VYASULU**

shall forfeit to the United States any property, real or personal, involved in the offenses in violation of 18 U.S.C. § 1956(a)(3) for which that defendant is convicted, and all property traceable to such property pursuant to 18 U.S.C. §982(a)(1). The property to be forfeited includes, but is not limited to, a sum of money equal to the total amount of money involved in the offense in violation of 18 U.S.C. §1956(a)(3) for which the defendant is convicted, $900,000.

2.   If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants,

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. §

982(b)(1) and 28 U.S.C. §2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to 18 U.S.C. § 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Neil J. Gallagher, Jr.
Assistant United States Attorney

_____
Scott Paccagnini
Trial Attorney
U.S. Department of Justice
Asset Forfeiture & Money Laundering Section


DISTRICT OF MASSACHUSETTS; March 18, 2009 @ 2:35

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK