UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  09-10081-JLT |
| | ) | |
| RAMA K. VYASULU, | ) | |
| | ) | |
| Defendant. | ) | |

**ASSENTED-TO MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, and with Defendant's assent, hereby moves that this Court issue a Preliminary Order of Forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure with respect to Defendant Rama K. Vyasulu (hereafter, "Vyasulu" or "Defendant"), for the reasons set forth below.

On March 18, 2009, a federal grand jury sitting in this District returned an Indictment charging Defendant, in Counts One through Three, with money laundering in violation of Title 18, United States Code, Section 1956(a)(3).

The Indictment contained a Money Laundering Forfeiture Allegation, charging that upon conviction of the offenses charged in Counts One through Three, Defendant:

> shall forfeit to the United States any property, real or personal, involved in the offenses in violation of 18 U.S.C. § 1956(a)(3) for which that defendant is convicted, and all property traceable to such property.  The property to be forfeited includes, but is not limited to, a sum of money equal to the total amount of money involved in the offense in violation of 18 U.S.C. §1956(a)(3) for which the defendant is convicted, $900,000.

The Forfeiture Allegation provided further that if any of the forfeitable property, as a result of any act or omission of the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intended to seek forfeiture of any other property of the defendant up to the value of the directly forfeitable property.

On April 11, 2011, Defendant pled guilty to Counts One through Three of the Indictment, acknowledging on the record that he understood that forfeiture was encompassed by his plea. This Court accepted Defendant's plea, and scheduled sentencing on July 18, 2011.

In connection with his guilty plea, Defendant agreed to forfeit the following amounts of United States currency, seized by the Drug Enforcement Administration pursuant to seizure warrants issued in the District of Massachusetts and executed at the Bank of America in Miami, Florida, on or about March 25, 2009, all of which funds are currently in the custody of the United States Marshals Service, together with any interest or other return thereon (collectively, the "Seized Funds"):

  (1) $107,071.76 seized from Bank of America Account Number 005561260452, in the name of Dom.Cool, Inc.;

  (2) $753.88 seized from Bank of America Account Number 898012027717, in the name of Rosemont P Corporation d/b/a Corpobox;

  (3) $1,034.75 seized from Bank of America Account Number 898012027720, in the name of Rosemont P Corporation; and

    (4)    $50,000.00 of the $80,835.34 seized from Bank of America Account Number 898012027733, in the name of Rosemont P Corporation.[1]

Defendant has admitted that the accounts from which the Seized Funds were seized, and the Seized Funds themselves, constitute property that was involved in the money laundering offenses to which Defendant pled guilty and property traceable to such property. He has agreed that the Seized Funds are forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(1), and has consented to the entry of an order of forfeiture for the Seized Funds.

Criminal forfeiture is a mandatory part of the sentence imposed upon a convicted defendant to whom a forfeiture statute applies. *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied…"); *Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (forfeiture is part of sentence imposed following conviction, not a separate substantive offense).[2]

Under Rule 32.2(b) of the Federal Rules of Criminal Procedure, a preliminary order of

---

[1] The government and Defendant expect that a third party will claim this $50,000.00 after receiving notice of the requested Preliminary Order of Forfeiture, and have agreed that when the government seeks a final order as to the Seized Funds, the government will request that the Court return the remainder of these funds, in the amount of $30,835.34, to Defendant through his attorney.

[2] Because *Libretti* is still controlling law, and because criminal forfeiture statutes are indeterminate, typically calling for forfeiture of "any" or "all" proceeds and other property within the scope of the statute, not subject to any statutory maximum amount, all courts of appeals that have considered the issue have held that the courts' authority to decide forfeiture issues by a preponderance of the evidence has survived *Booker, Blakely and Apprendi*. *See, e.g., United States v. Ortiz-Cintron*, 461 F.3d 78, 82 (1st Cir. 2006) (until and unless Supreme Court overturns *Libretti*, lower courts must hold that Sixth Amendment does not apply to criminal forfeiture). In *Booker*, the Supreme Court also singled out criminal forfeiture as one of the aspects of sentencing that was not affected by its holding. *See Booker v. United States*, 543 U.S. 220, 258-259 (2005) (Opinion of Breyer, *J.*) (citing 18 U.S.C. "§ 3554 (forfeiture)" as one of several portions of the sentencing statutes that are still "perfectly valid").

forfeiture should be entered as soon as practical after acceptance of a guilty plea, and in advance of sentencing. Accordingly, the government, with Defendant's assent, requests that the Court enter the requested Preliminary Order of Forfeiture at this time, so that the government may begin the process of giving notice to potential third-party claimants to the Seized Funds.

WHEREFORE, the United States requests that this Court:

(a) enter a Preliminary Order of Forfeiture in the form submitted with this motion;

(b) include forfeiture pursuant to the Preliminary Order of Forfeiture in the Court's oral announcement of Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture by reference in the criminal judgment entered against Defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(B).

|  |  |
|---|---|
|  | Respectfully submitted,<br>CARMEN M. ORTIZ<br>United States Attorney |
| By: | s/Richard L. Hoffman<br>RICHARD L. HOFFMAN<br>Assistant U.S. Attorney<br>United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210 |
| Date:  April 15, 2011 | (617) 748-3279 |

CERTIFICATE OF SERVICE

I hereby certify that I am filing the foregoing motion and the proposed Preliminary Order of Forfeiture via the ECF system, which will cause copies to be served upon Defendant by sending copies by email to his attorney of record.

|  |  |
|---|---|
|  | s/Richard L. Hoffman |
| Dated:  April 15, 2011 | Richard L. Hoffman<br>Assistant U.S. Attorney |